IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re Crash of Aircraft N93PC ) | |
| ) | No. 3:15-cv-0112-HRH |
| on July 7, 2013, at Soldotna, Alaska ) | [Consolidated with |
| ) | No. 3:15-cv-0113-HRH and |
| _____) | No. 3:15-cv-0115-HRH] |

O R D E R

Motion to Dismiss; Motion to Continue

Defendant Stolairus Aviation Inc. moves to dismiss the claims against it.[1] This motion is opposed,[2] and in the alternative, plaintiffs and cross-claimant move to continue the motion to dismiss in order to take jurisdictional discovery.[3] The motion to continue is opposed.[4] Oral argument was not requested and is not deemed necessary.

Background

On July 7, 2013, a deHavilland DHC-3 "Otter" aircraft operated by Rediske Air, Inc. and piloted by Walter Rediske crashed shortly after take-off from the Soldotna Airport.

---

[1] Docket No. 146.

[2] Docket No. 154.

[3] Docket No. 156.

[4] Docket No. 157.

Rediske and all of the passengers on board were killed in the crash. Rediske's estate and the estates of the passengers [referred to collectively as "plaintiffs" herein] assert wrongful death, negligence, products liability and breach of warranty claims against Stolairus.

Plaintiffs allege that in April 2010, "Defendant Recon Air Corporation ... modified the subject aircraft when it installed an upgross kit known as Stol Kit STC SA00287NY, a Baron Stol Kit manufactured by Stolairus Aviation, Inc. ('the Stol Kit') on the DHC-3 Otter."[5] Plaintiffs further allege that in January or February of 2016, the Stol Kit was the subject of an Airworthiness Directive published by Transport Canada."[6] Plaintiffs allege that "[t]he Airworthiness Directive stated that it was being issued to correct an unsafe condition for DHC-3 airplanes that are modified with the Baron Short Take Off and Landing (STOL) kit...."[7] Plaintiffs allege that

> [t]he Airworthiness Directive stated that an investigation of a fatal crash of a turbo-propeller powered DHC-3 airplane modified with a Baron STOL kit determined that the probable cause was a rearward shift in the center of gravity, which resulted in a stall during takeoff. A center of gravity that is too far aft can

---

[5]Second Amended Complaint [etc.] at 15, ¶ 72, Docket No. 135; First Amended Complaint [etc.] at 16, ¶ 81, Docket No. 137.

[6]Second Amended Complaint [etc.] at 15-16, ¶ 73, Docket No. 135; First Amended Complaint [etc.] at 16, ¶ 83, Docket No. 137.

[7]Second Amended Complaint [etc.] at 16, ¶ 75, Docket No. 135; First Amended Complaint [etc.] at 17, ¶ 84, Docket No. 137.

> contribute to a stall during takeoff and may result in loss of control during other phases of flight.[8]

Plaintiffs allege that the Stol Kit installed on the subject aircraft

> caused the aircraft to crash into the ground. The Stol Kit changed the center of gravity, making the center of gravity too far aft and contributed to or caused a stall and or loss of control of the aircraft. Defendant Stolairus failed to inspect, identify and warn of the change in the center of gravity.[9]

Plaintiffs allege that Stolairus is a Canadian corporation with "its principal place of business" in British Columbia.[10] Plaintiffs allege that jurisdiction of Stolairus is appropriate in this court because Stolairus "provides support for aircraft worldwide, including the United States and specifically Alaska."[11]

Pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, Stolairus now moves to dismiss plaintiffs' claims against it for lack of personal jurisdiction.[12] In the alterative, pursuant to Rule 12(b)(6), Stolairus moves to dismiss plaintiffs' claims against it on the grounds that they are barred by the statute of limitations.

---

[8]Second Amended Complaint [etc.] at 16, ¶ 76; Docket No. 135: First Amended Complaint [etc.] at 17, ¶ 85, Docket No. 137.

[9]Second Amended Complaint [etc.] at 16-17, ¶ 79, Docket No. 135; First Amended Complaint [etc.] at 17, ¶ 88, Docket No. 137.

[10]Second Amended Complaint [etc.] at 16, ¶ 78; Docket No. 135; First Amended Complaint [etc.] at 17, ¶ 87, Docket No. 137.

[11]Second Amended Complaint [etc.] at 16, ¶ 78, Docket No. 135; First Amended Complaint [etc.] at 17, ¶ 87, Docket No. 137.

[12]Stolairus notes that it is also challenging personal jurisdiction in <u>Specter v. Rainbow King Lodge</u>, 3:17-cv-0194-TMB, which is pending before another judge in this district.

Discussion

"[A] court considering a motion relating to jurisdiction as well as a motion on the merits generally ... decide[s] the jurisdictional issue first[.]" Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp., 594 F.2d 730, 733–34 (9th Cir. 1979). Thus, the court considers Stolairus's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction first.

"Where [a] defendant[] move[s] to dismiss a complaint for lack of personal jurisdiction, [the] plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). If "the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" Id. (quoting Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)). "In determining whether [a plaintiff has] met this prima facie burden, uncontroverted allegations in [the] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor....'" Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1187 (9th Cir. 2002) (quoting Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996)). "Additionally, any evidentiary materials submitted on the motion 'are construed in the light most favorable to the plaintiff and all doubts are resolved in [the plaintiff's] favor.'" Id. (quoting Metro. Life Ins. Co. v. Neaves, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990)).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." Dole Food Co.,

303 F.3d at 1110. Alaska's long-arm statute reaches "to the maximum extent permitted by the due process clause of the Fourteenth Amendment[.]" Alaska Telecom, Inc. v. Schafer, 888 P.2d 1296, 1299 (Alaska 1995).

"[T]here are two forms that personal jurisdiction may take: general and specific." Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015). Plaintiffs contend that Stolairus could be subject to both general and specific jurisdiction.

"[C]ourts have general jurisdiction over a foreign corporation only if the corporation's connections to the forum state 'are so continuous and systematic as to render [it] essentially at home in the forum State.'" Williams v. Yamaha Motor Co., 851 F.3d 1015, 1020 (9th Cir. 2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). "A corporation's 'continuous activity of some sorts within a state is [generally] not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" Id. (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 318 (1945)). "Rather, in the paradigmatic circumstance for exercising general jurisdiction, the corporate defendant is incorporated or has its principal place of business in the forum state." Id. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting Daimler AG v. Bauman, 134 S. Ct. 746, 761 n.19 (2014)).

Stolairus is not incorporated in Alaska nor does it have its principal place of business in Alaska[13] and thus in order for the court to have general jurisdiction over it, plaintiffs must

---

[13] Declaration of Keith Andersen [etc.] at 1, ¶ 2, Docket No. 147.

show that Stolairus is "at home" in Alaska. In order to be at home in a forum, a corporation's contacts with the forum must be "continuous and systematic." Ranza v. Nike, Inc., 793 F.3d 1059, 1069 (9th Cir. 2015) (citation omitted). The corporation must be "heavily engaged in activity in" the forum. BNSF Ry. Co. v. Tyrrell, 137 S. Ct. 1549, 1559 (2017). For example, in BNSF Railway, the Court found it was not sufficient that BNSF had 2000 miles of track and 2000 employees in Montana because "'the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts. Rather, the inquiry 'calls for an appraisal of a corporation's activities in their entirety'; '[a] corporation that operates in many places can scarcely be deemed at home in all of them.'" Id. (quoting Daimler, 134 S. Ct. at 762, n.20).

Plaintiffs concede that they cannot establish general jurisdiction without jurisdictional discovery.[14] In their motion to continue, plaintiffs indicated that they were only seeking to take jurisdictional discovery in an attempt to establish specific jurisdiction,[15] but in their reply brief, they indicate that they are seeking to take jurisdictional discovery in an attempt to establish general jurisdiction.[16]

---

[14]Joint Opposition to Defendant Stolairus Aviation Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction at 9-10, Docket No. 154.

[15]Joint Motion to Continue [etc.] at 2, Docket No. 156 ("[j]urisdictional discovery will establish minimum contacts with the State of Alaska to establish specific jurisdiction").

[16]Reply in Support of Joint Motion to Continue [etc.] at 3, Docket No. 162 ("the discovery seeks to find out whether Stolairus is subject to general personal jurisdiction").

Jurisdictional "'[d]iscovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). But, "'[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the [c]ourt need not permit even limited discovery....'" Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995)). It is not an abuse of discretion for the court to deny a request for jurisdictional discovery that is "based on little more than a hunch that it might yield jurisdictionally relevant facts[.]" Boschetto, 539 F.3d at 1020.

> [T]he merits of [a] request for jurisdictional discovery depends heavily on the information [the plaintiff] has, now, to support th[e c]ourt's exercise of personal jurisdiction over the [d]efendants. The more information [the plaintiff] has, the more plausible personal jurisdiction is, and the more legitimate the request for limited, jurisdictional discovery will be. The less information [the plaintiff] has, however, the more the request looks like a simple fishing expedition.

NuboNau, Inc. v. NB Labs, Ltd., Case No. 10cv2631–LAB (BGS), 2011 WL 5237566, at *3 (S.D. Cal. Oct. 31, 2011).

Plaintiffs' request to conduct general jurisdiction discovery is based on not much more than a hunch. Plaintiffs have offered evidence that a number of Otters and Beavers are

registered in Alaska.[17] Specifically, there are 64 U.S. registered Otters, 40 of which are in Alaska; and there are 391 U.S. registered Beavers, 190 of which are in Alaska.[18] While these numbers suggest that Stolairus may be doing some business in Alaska, they do not suggest that it is plausible that Stolairus is "at home" in Alaska, such that there would be general jurisdiction. Plaintiffs' request to take general jurisdiction discovery is denied. If plaintiffs can establish personal jurisdiction as to Stolairus, they will have to do so on the basis of specific jurisdiction.

> The court
>
>> employ[s] a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:
>>
>> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>>
>> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Picot, 780 F.3d at 1211 (citation omitted).

"For claims sounding in tort," the court applies "a 'purposeful direction' test...." Id. at 1212. The "court evaluates purposeful direction using the three-part 'Calder-effects'

---

[17]Exhibits 6 and 7, James Brauchle Declaration [etc.], Docket No. 155.

[18]Id.

test[.]" Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010). "Under this test, [']the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" Id. (quoting Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1206 (9th Cir. 2006)). "There is no requirement that the defendant have any physical contacts with the forum." Id.

"There is purposeful direction when a defendant places a product into the stream of commerce and additional conduct 'indicate[s] an intent or purpose to serve the market in the forum State.'" Trishan Air, Inc. v. Dassault Falcon Jet Corp., Case No. CV 08–7294-VBF (JTLx), 2009 WL 10673286, at *2 (C.D. Cal. Oct. 14, 2009) (quoting Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 112 (1987)).

> Examples of such additional conduct are: "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State."

Id. (quoting Asahi Metal, 480 U.S. at 112).

Stolairus argues that all it did was place its product into the stream of commerce. Stolairus contends that it did not even know that the STOL Kit that was installed on the subject aircraft would end up in Alaska. Stolairus offers evidence that the STOL Kit at issue was bought by Recon Air Corporation, shipped to Recon Air in Canada, and was for an

aircraft with a registration of C-FMPX, which indicates that it was registered in Canada.[19]

Plaintiffs argue that it is possible that the STOL Kit that was installed on the subject aircraft was not sold to Recon Air. In support of this argument, plaintiffs offer a page from Recon Air's billing records that indicates that the STOL Kit was "customer supplied."[20] However, Stolairus has now come forward with a copy of the check that Recon Air sent to Stolairus to pay for the STOL Kit at issue.[21] In light of this additional evidence, there is no question that the STOL Kit at issue was sold to Recon Air in Canada and that it was not sold directly to someone in Alaska.

But that does not mean Stolairus might not have still been aware that the stream of commerce would sweep its product into Alaska. Stolairus could have been aware that its STOL Kits were likely to end up in Alaska. Stolairus sells STOL Kits for Otters and Beavers, of which there are many in Alaska.[22] This at least suggests that Stolairus may have been aware that its product could end up in Alaska.

But even if Stolairus were aware that the stream of commerce might sweep its product into Alaska, plaintiffs must still show that there was some additional conduct on the part of Stolairus in order to satisfy the purposeful direction prong of the specific jurisdiction three-

---

[19]Andersen Declaration at 2, ¶¶ 8-9 and Exhibits 1-3 thereto, Docket No. 147.

[20]Recon Air Billing Records, Exhibit 4 at 100142, Brauchle Declaration, Docket No. 155.

[21]Exhibit 4 at 3, Supplemental Declaration of Keith Andersen [etc.], Docket No. 158.

[22]Exhibits 6 and 7, Brauchle Declaration, Docket No. 155.

part test. Stolairus insists that there is no such conduct. Keith Andersen, Stolairus's owner and operator, avers that "Stolairus does not maintain an office in Alaska, pay taxes in Alaska, or own property in Alaska. Stolairus does not advertise in the United States and has never sent its employees to Alaska to support its products."[23] Andersen further avers that "Stolairus has two known contacts with Alaska. First, in 2009 Stolairus sold one STOL Kit to Talkeetna Air Taxi, Inc."[24] "Second, in August 2017, two Stolairus employees traveled to Alaska to inspect an aircraft that a Stolairus customer was considering purchasing."[25] In addition, Andersen avers that Baron STOL Kit was developed by AOG Air Support Inc., not Stolairus.[26]

Although plaintiffs have offered nothing to rebut Andersen's averments, the number of Otters and Beavers in Alaska suggest that it is plausible that Stolairus had an intent to serve the Alaska market, which is what plaintiffs will have to show in order to satisfy the first prong of the specific jurisdiction test. Although this is pretty thin information on which to base a request to take jurisdictional discovery, the court will exercise its discretion to permit plaintiffs to take discovery in order to see if they can make a more "satisfactory showing" of facts in support of specific jurisdiction. Boschetto, 539 F.3d at 1020 (citation omitted).

---

[23]Andersen Declaration at 1, ¶ 4, Docket No. 147.

[24]Id. at 2, ¶ 5.

[25]Id. at 2, ¶ 6.

[26]Id. at 2, ¶ 7.

In terms of jurisdictional discovery, plaintiffs have proposed thirty-five requests for production and taking Stolairus's deposition.[27] This proposed discovery is much too broad. Plaintiffs may not take discovery aimed at attempting to establish general jurisdiction. Plaintiffs' discovery must be aimed at attempting to establish specific jurisdiction. Plaintiffs' discovery must focus on the question of whether there was additional conduct on the part of Stolairus. Plaintiffs are also reminded that they will have to show that their claims "arise[] out of [Stolairus's] contacts with the forum state", that there is "a direct nexus ... between those contacts and the cause of action." In re Western States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 742 (9th Cir. 2013) (citation omitted). Thus, plaintiffs' discovery must be limited to Stolairus's forum-related contacts having to do with its STOL Kits. While plaintiffs are not limited to taking discovery only as to the STOL Kit that was installed on the subject aircraft, they are limited to taking discovery only on Stolairus's Stol Kits. Their discovery must be directed toward attempting to establish that Stolairus, in connection with its STOL Kits, engaged in conduct that was in addition to putting its STOL Kits into the stream of commerce.

As to the question as to where the Stolairus deposition will be taken, plaintiffs have "agree[d] to conduct any deposition of Stolairus representatives in British Columbia."[28] There has also been some question as to which side should bear the cost of jurisdictional discovery.

---

[27]Exhibit 1, Joint Motion to Continue [etc.], Docket No. 156.

[28]Reply in Support of Joint Motion to Continue [etc.] at 2, Docket No. 162.

The court will take up this issue when the jurisdictional discovery is complete, although it notes that plaintiffs have agreed to "pay for their own costs to conduct the deposition[.]"[29]

Conclusion

Plaintiffs' motion to continue[30] is granted in part and denied in part. The motion is granted as to plaintiffs' request to take jurisdictional discovery on the issue of whether they can establish specific jurisdiction. It is otherwise denied.

Jurisdictional discovery must be completed by July 2, 2018. Plaintiffs' supplemental response to Stolairus's motion to dismiss for lack of personal jurisdiction[31] shall be filed on or before July 23, 2018. Stolairus's supplemental reply brief shall be filed ten days after the filing of plaintiffs' supplemental brief.

DATED at Anchorage, Alaska, this 3rd day of April, 2018.

/s/ H. Russel Holland
United States District Judge

---

[29]Id.

[30]Docket No. 156.

[31]If necessasry, the court will take up Stolairus's alternative motion to dismiss on statute of limitations grounds after ruling on Stolairus's motion to dismiss for lack of personal jurisdiction.