WO        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re Crash of Aircraft N93PC )<br><br>on July 7, 2013, at Soldotna, Alaska )<br>_____) | No. 3:15-cv-0112-HRH<br>[Consolidated with<br>No. 3:15-cv-0113-HRH and<br>No. 3:15-cv-0115-HRH] |

O R D E R

Honeywell's Motion for Summary Judgment re Pre-Impact Survival Claims

Defendant Honeywell International Inc. moves for summary judgment on plaintiffs' pre-impact survival claims.[1] Defendants Recon Air Corporation and Texas Turbine Conversions, Inc. join in this motion.[2] This motion is opposed by the passenger plaintiffs.[3] Oral argument was requested and has been heard.

Facts

On July 7, 2013, a de Havilland DGC-3 Otter airplane crashed shortly after takeoff from the Soldotna Airport in Soldotna, Alaska. The pilot and all nine passengers died in the

---

[1]Docket No. 236.

[2]Docket Nos. 243 and 248.

[3]Docket No. 260. At oral argument, counsel for plaintiff Mary Rediske indicated that he was joining in the argument made by counsel for the passenger plaintiffs although Mary Rediske never actually filed a joinder in the passenger plaintiffs' opposition.

-1-

crash. The National Transportation Safety Board recovered an iPhone from the wreckage, on which one of the passengers had recorded a video of the flight. The video shows that the time between takeoff and impact was approximately seventeen seconds.[4] The video shows that approximately "11 seconds after takeoff, flight speed and angle of attack reached levels consistent with an aerodynamic stall."[5] The airplane then "developed a large right-wing-down roll angle and impacted the ground"[6] approximately three seconds later. The video recorded someone saying "oh shit" approximately two to three seconds before impact and someone saying "oh my God" less than a second before impact.[7]

In addition to other claims, plaintiffs assert survival claims to recover for the pre-impact fear allegedly suffered by decedents prior to the airplane's impact with the ground. "Alaska Statute 09.55.570 permits all causes of action held by a person to survive that person's death, and allows the action to be pursued by the personal representatives of the estate." In re Estate of Maldonado, 117 P.3d 720, 729 (Alaska 2005). Honeywell, joined by Recon Air and Texas Turbine, (referred to as "defendants" herein) now move for summary judgment on these pre-impact fear survival claims.

---

[4] SEALED Exhibit D, Honeywell's Motion for Partial Summary Judgment on Plaintiffs' Survival Claims, Docket No. 236.

[5] NTSB Aviation Accident Final Report at 10, Exhibit 1, Honeywell's Motion for Partial Summary Judgment on Plaintiffs' Survival Claims, Docket No. 236.

[6] Id.

[7] SEALED Exhibit D, Honeywell's Motion for Partial Summary Judgment on Plaintiffs' Survival Claims, Docket No. 236.

Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court views the evidence of the nonmovant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. "'[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.'" Arandell Corp. v. Centerpoint Energy Services, Inc., 900 F.3d 623, 628–29 (9th Cir. 2018) (quoting T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987)).

Defendants move for summary judgment on the pre-impact fear claims on the grounds that the Alaska Supreme Court has never addressed the issue of whether such claims are compensable. Because it is "sitting in diversity," the court "'must begin with the pronouncements of the state's highest court, which bind [it].'" McKown v. Simon Property Group Inc., 689 F.3d 1086, 1091 (9th Cir. 2012) (quoting Hilton v. Hallmark Cards, 599 F.3d

894, 905 (9th Cir. 2010)). "'In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions,' among other sources of authority, 'as guidance.'" Id. (quoting Nelson v. City of Irvine, 143 F.3d 1196, 1206 (9th Cir. 1998)).

"Alaska law permits individuals to recover damages on the basis of emotional distress under limited circumstances. As a general rule, damages are not awarded in the absence of a physical injury." Schack v. Schack, 414 P.3d 639, 641 (Alaska 2018). Defendants argue that this general rule is an indication that the Alaska Supreme Court would find that pre-impact fear claims are not compensable because prior to impact, there has not yet been a physical injury.

The passenger plaintiffs, however, argue that their pre-impact fear claims fall under this general rule. The passenger plaintiffs argue that defendants are improperly conflating impact with injury. They contend that defendants are arguing that decedents could not have suffered any injury prior to impact, but the passenger plaintiffs argue that decedents were injured approximately six seconds before impact, as confirmed by the cell phone recording. The passenger plaintiffs acknowledge that under Alaska law, "there is no recovery of damages for emotional distress where the emotional distress arises from negligent conduct and is unaccompanied by physical injury." Cornelison v. TIG Ins., 376 P.3d 1255, 1271 (Alaska 2016) (citation omitted). But, they argue that decedents' emotional distress or fear was accompanied by physical injury here. They argue that it is immaterial that the fear

happened first. They argue that all that matters is that the fear was "accompanied" by physical injury, which they argue it was.

The passenger plaintiffs cite to Prosser and Keeton on Torts, § 54 (5th ed. 1984), in support of their argument. There, it was noted that "[w]here the defendant's negligence inflicts an immediate injury," a plaintiff may recover "for the purely mental elements of damage accompanying it, such as fright at the time of the injury[.]" Id. at 362-63. The treatise referred to two cases in support of this proposition, Bullard v. Central Vermont Ry., Inc., 565 F.2d 193, 195 (1st Cir. 1977), and Easton v. United Trade School Contracting Co., 159 P. 597, 598 (Cal. 1916). The passenger plaintiffs argue that these cases support their argument that the pre-impact fear that occurred here was "accompanied" by physical injury and thus falls under the general rule that damages for emotional distress are available if accompanied by physical injury.

In Bullard, 565 F.2d at 196, the plaintiff was injured when he jumped from a freight train that was about to collide with another train. He claimed damages for both his physical injuries and emotional distress. Id. The court held that he could recover damages for his "fright just before the accident, when collision was imminent and he jumped[.]" Id. at 197.

In Easton, 159 P. at 598, a car collided with the buggy in which Mrs. Easton was riding. The collision "delivered so severe a shock to Mrs. Easton, who was leaning against the back of the seat of the buggy, that she was knocked forward out of her seat" and approximately one month later, she suffered a miscarriage, that was "the result of the fright

-5-

and the shock of the collision." Id. The defendant argued "that Mrs. Easton received no injuries as such; that she suffered merely from fright;" and "that fright alone, without personal injury, cannot be made the foundation of an action for damages[.]" Id. at 599. The court rejected this argument finding that the "[f]right here was but a natural and direct consequence of defendant's injurious trespass, which trespass resulted in direct physical injury to Mrs. Easton. The fright was an inevitable concomitant of the trespass." Id.

Similarly here, the passenger plaintiffs argue that decedents' emotional distress was immediately followed by physical injury, thereby making it compensable. The passenger plaintiffs argue that the Alaska Supreme Court made this clear in Hagen Insurance, Inc. v. Roller, 139 P.3d 1216 (Alaska 2006). There, Roller had "applied for workers' compensation insurance through Hagen Insurance, Inc. But various problems, including Hagen's alleged negligence in securing the coverage, prevented the coverage from taking timely effect." Id. at 1218. Thus, when Roller hurt his back at work, there was no workers' compensation insurance to cover his medical bills. Id. Roller brought suit against Hagen, "alleging that Hagen was negligent in its failure to place [Roller's] insurance coverage with a qualified underwriter." Id. (internal quotation marks omitted). A jury found "that Hagen was negligent and that its negligence was a legal cause of injury to Roller" and awarded both economic and non-economic damages. Id. On appeal, "Hagen argue[d] that the superior court should not have instructed the jury on the emotional distress claim and should have granted Hagen's motions for a directed verdict or judgment notwithstanding the verdict on

-6-

the issue because Roller presented insufficient evidence to support an award of emotional distress damages." Id. at 1219. Roller characterized his emotional distress claim as an NIED claim, and Hagen "argue[d] that there was no evidence the distress was severe." Id. The Alaska Supreme Court observed that

> [n]otwithstanding Roller's characterization of his emotional distress claim as an "NIED" claim, he reasons here, as he did below, that his distress was caused by delays in getting medical treatment and that these delays were attributable to Hagen's negligence. Thus described, his mental distress claim is simply derived from his claim that Hagen prolonged his physical injury. If we conclude that there is evidence that Hagen's negligence caused physical injury to Roller by delaying treatment of his injury, we can affirm the award of emotional distress damages as derivative non-economic damages. If so, we do not need to determine whether the special requirements of an NIED claim were met.

Id. The Alaska Supreme Court noted that "Prosser and Keeton describe emotional damages accompanying claims involving physical injury as 'parasitic' damages. We use the term 'derivative' instead." Id. at 1219, n.7 (internal citation omitted).

The passenger plaintiffs argue that in Hagen, the emotional harm, Roller's fear and anxiety over his inability to get the medical care he needed, came before the actual physical harm he suffered due to delayed treatment. Likewise here, they contend that decedents' fear came before their physical injury, thereby making it compensable because it is derivative of their physical injury.

The passenger plaintiffs' reliance on Hagen is misplaced because Hagen was not a pre-impact fear case, it did not involve survivor claims, and it does not support the more

-7-

Case 3:15-cv-00112-HRH   Document 372   Filed 05/27/20   Page 7 of 11

general proposition that emotional distress experienced prior to an injury is compensable. Rather, <u>Hagen</u> stands for the proposition that a plaintiff can recover non-economic damages, such as those for emotional distress, <u>stemming</u> from a physical injury that occurred previously. The physical injury in <u>Hagen</u> occurred when Roller injured his back at work, which was <u>prior</u> to his suffering emotional distress due to the lack of insurance. In short, <u>Hagen</u> does not support the passenger plaintiffs' contention that the Alaska Supreme Court would find that pre-impact fear is compensable in a survivorship action.

The passenger plaintiffs also argue that AS 09.17.010(a) supports their contention that pre-impact fear is compensable in a survivorship action. AS 09.17.010(a) provides that

> [i]n an action to recover damages for personal injury or wrongful death, all damage claims for noneconomic losses shall be limited to compensation for pain, suffering, inconvenience, physical impairment, disfigurement, loss of enjoyment of life, loss of consortium, and other nonpecuniary damage.

The passenger plaintiffs seem to be arguing that "suffering" as used in the statute can encompass the type of suffering that decedents experienced pre-impact. In connection with this argument, the passenger plaintiffs cite to <u>Tommy's Elbow Room, Inc. v. Kavorkian</u>, 727 P.2d 1038, 1043 (Alaska 1986), but their reliance on this case makes no sense as it involved the bystander exception, which is not at issue here. Moreover, AS 09.17.010(a) expressly applies to actions involving "personal injury" and "wrongful death" and says nothing about the recovery of damages for emotional distress suffered <u>prior</u> to any physical injury or about the recovery of damages in a survivorship action.

-8-

Because of the dearth of relevant Alaska law on the issue at hand, the court may look to the law of other jurisdictions. Takahashi v. Loomis Armored Car Service, 625 F.2d 314, 316 (9th Cir. 1980). The court finds Stecyk v. Bell Helicopter Textron, Inc., Case No. CIV. A. 94-CV-1818, 1998 WL 744087 (E.D. Pa. Oct. 23, 1998), instructive. There, the plaintiffs contended "that under Pennsylvania and Delaware law they may recover for pre-impact fright experienced by their decedents" but the defendants disagreed, and sought to "exclude evidence of decedents' pre-impact fright or fear of death in the seconds immediately preceding the fatal Osprey crash." Id. at *8. "Specifically, [the] defendants contend[ed] that neither the Pennsylvania or Delaware survival statutes, nor common law principles of emotional distress permit recovery for a decedent's knowledge of impending injury or death." Id. The court agreed with the defendants, explaining that "[b]ecause Pennsylvania and Delaware courts measure damages for the pain and suffering of a decedent under their respective survival statutes from the time of injury to the time of death," and because "it [was] uncontested that the decedents died instantly upon impact," the plaintiffs were "barred under the statutes from presenting evidence of or recovering damages for decedents' pre-impact fright." Id. The court also held that there could be no "recovery for a decedent's knowledge of impending injury or death" under principles of common law because "there can be no recovery for negligently inflicted mental or emotional distress in the absence of attendant physical injury to the person of the claimant." Id. at *8, 10.

-9-

Like the Pennsylvania and Delaware survival statutes at issue in Stecyk, Alaska's survival statute also measures damages "for the period between the time of injury and the time of death." In re Estate of Maldonado, 117 P.3d at 729. And, as will be discussed below in detail, decedents' pre-impact fear was substantially contemporaneous with death. And as in Stecyk, under principles of common law, in Alaska there is no recovery for emotional distress absent a physical injury. All of this indicates that, like the court in Stecyke, the Alaska Supreme Court would find that pre-impact fear is not compensable in a survivorship action.

But even if there is some question as to whether the Alaska Supreme Court would recognize a survivor claim for pre-impact fear, the evidence in this case would not support recovery for such a claim. In Alaska, in cases involving post-injury pain and suffering, "no award should be made for any pain and suffering substantially contemporaneous with death or mere incidents to it." Northern Lights Motel, Inc. v. Sweaney, 561 P.2d 1176, 1190 (Alaska 1977) (citation omitted). Presumably, the Alaska Supreme Court would apply the same rule to pre-impact pain and suffering, which would mean that pre-impact fear would not be compensable if that fear were "substantially contemporaneous with death. . . ." Id.; see also, Horsford v. Estate of Horsford, 561 P.2d 722, 729–30 (Alaska 1977) (suggesting that there can be no recovery in a survival action when "nothing in the record . . . indicates that any pain and suffering . . . was other than momentary"). Here, the evidence, in the form of the cell phone video, shows that the time between takeoff and impact was approximately

-10-

seventeen seconds, that the stall happened approximately six seconds prior to impact, and that voices were heard approximately three seconds and one second prior to impact. Any pre-impact fear would have lasted for three to six seconds. Viewing this evidence in the light most favorable to plaintiffs, a reasonable jury could only conclude that decedents' pre-impact fear was substantially contemporaneous with death. Contrary to plaintiffs' contention, death does not have to be instantaneous is order to be "substantially contemporaneous." Thus, even if the Alaska Supreme Court were to recognize a claim for pre-impact fear in the context of a survivorship action, there could be no such recovery in this case as the decedents' pre-impact fear was substantially contemporaneous with their deaths.[8]

## Conclusion

Based on the foregoing, Honeywell's motion for summary judgment[9] on plaintiffs' pre-impact fear survival claims, in which Recon Air and Texas Turbine have joined, is granted. These claims are dismissed with prejudice.

DATED at Anchorage, Alaska, this 27th day of May 2020.

/s/ H. Russel Holland
United States District Judge

---

[8] Because there could be no recovery for pre-impact fear in this case even if Alaska recognized such a claim, the court need not consider defendants' other arguments.

[9] Docket No. 236.