WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re Crash of Aircraft N93PC ) | No. 3:15-cv-0112-HRH |
| ) | [Consolidated with |
| on July 7, 2013, at Soldotna, Alaska ) | No. 3:15-cv-0113-HRH and |
| _____) | No. 3:15-cv-0115-HRH] |

O R D E R

Honeywell's Motion in Limine No. 8

Defendant Honeywell International Inc. moves to exclude plaintiffs' experts from offering any opinions or testimony "that is, or may be, critical of the TPE331 engine design and/or any suggestion that there was a design defect in the engine or any of its components, including the torsion shaft or torsion shaft bushings."[1] Plaintiffs "concede that none of their experts will opine that there was a better design of the engine or offer opinions critical of the design."[2] "By way of example," plaintiffs explain that their experts will not testify or offer opinions "that the engine and/or torsion shaft should have been made out of a different material or that something should have been attached by six bolts instead of two."[3] In short,

---

[1]Docket No 399 at 2.

[2]Plaintiffs Response in Opposition to Honeywell's Motion in Limine No. 8 [etc.] at 1-2, Docket No. 472.

[3]Id. at 3.

plaintiffs concede that they "will not elicit any testimony or opinions critical of the design, or that there was a better way to construct the engine."[4] However, plaintiffs state that they "are proceeding under the consumer expectations test which falls under the umbrella of a design defect" and thus their experts will "offer evidence and opinions that the [accident] engine failed in flight which is not what an ordinary consumer expects."[5]

As is discussed in detail in the court's order on Honeywell's motion in limine No. 16, which is being filed contemporaneously with this order, plaintiffs are going to be allowed to proceed under the consumer expectation test. However, plaintiffs' experts may not offer evidence and opinions as to what an ordinary consumer might expect in terms of the safe performance of an aircraft engine and torsion shaft. The consumer expectation test "disfavors expert testimony, and asks instead whether a layperson's common experience would indicate that the product was defective." Rhodehouse v. Ford Motor Co., Case No. 2:16-cv-01892-JAM-CMK, 2018 WL 5603614, at *2 (E.D. Cal. Oct. 29, 2018) (citation omitted). "[W]here the product is in specialized use with a limited group of consumers[,] . . . expert testimony on the limited subject of what the product's actual consumers do expect may be proper because the expectations of the product's limited group of ordinary consumers are beyond the lay experience common to all jurors." Verrazono v. Gehl Co., 50 Cal. App. 5th 636, 647 (Cal. Ct. App. 2020) (citations omitted). But, this case does not involve a

---

[4]Id.

[5]Id.

limited group of consumers. Thus, plaintiffs' experts may not offer evidence and opinions as to what an ordinary consumer might expect in terms of the safe performance of an aircraft engine and torsion shaft. Plaintiffs' experts can, of course, offer testimony and opinions that the accident engine failed in flight and why it might have failed in flight. But, they cannot testify about what ordinary consumers expect in terms of the safe performance of an aircraft engine and torsion shaft.

Honeywell's motion in limine No. 8 is granted. Plaintiffs' experts are precluded from offering any opinions or testimony "that is, or may be, critical of the TPE331 engine design and/or any suggestion that there was a design defect in the engine or any of its components, including the torsion shaft or torsion shaft bushings."[6] Plaintiffs' experts are also precluded from testifying about what ordinary consumers expect in terms of the safe performance of an aircraft engine and torsion shaft.

DATED at Anchorage, Alaska, this 25th day of June 2021.

/s/ H. Russel Holland
United States District Judge

---

[6] Honeywell International Inc.'s Motion in Limine No. 8 [etc.] at 2, Docket No 399.