WO        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re Crash of Aircraft N93PC ) | No. 3:15-cv-0112-HRH |
| ) | [Consolidated with |
| on July 7, 2013, at Soldotna, Alaska ) | No. 3:15-cv-0113-HRH and |
| _____) | No. 3:15-cv-0115-HRH] |

O R D E R

Honeywell's Motion in Limine No. 20

Honeywell International moves to exclude all evidence and argument regarding non-economic losses.[1] This motion is opposed.[2] Oral argument was requested but is not deemed necessary.

On July 7, 2013, a deHavilland DHC-3 "Otter" airplane operated by Rediske Air, Inc. and piloted by Walter Rediske crashed shortly after take off from the Soldotna Airport. Rediske and all of the passengers on board were killed in the crash. Plaintiffs, which are the estates of the passengers and Rediske, assert wrongful death, negligence, strict product liability, and breach of warranty claims against Honeywell.

---

[1]Docket No. 411.

[2]Docket No. 471.

Plaintiffs' claims for non-economic damages have either been dismissed or withdrawn.[3] Thus, Honeywell argues that any evidence or argument related to non-economic damages should be excluded because it is irrelevant. This includes, according to Honeywell, evidence of the "loss of the relationship with the decedent; sorrow, grief, and emotional distress; and the loss of education and training that the decedent would have provided."[4] More specifically, Honeywell contends that evidence and argument "about the decedents' character, the surviving family members, friends or colleagues closeness with any of the decedents, and any grief, sorrow and emotional distress experienced as a result of the accident and deaths . . . should be excluded under Rules 401 and 402."[5] Honeywell contends that this would result in the exclusion of the following:

> 1. The testimony of the family members and personal representatives disclosed as witnesses on Plaintiffs' witness lists: Wayne Clayton, Ashley Clayton Underwood, Crisler Johnson, Angela McCown Welker, Maria Catherine McCown Robinette, Lawrence McManus, Kathleen McManus, Larry Kessler, Johnnie Dickert, and Rachel Dickert, Mary Rediske, and Lyla Rediske;
> 2. The testimony of all Rediske company employees identified as witnesses: Dale Heckert, Michael Rediske Smart, Carlie McMahon, Maggie Nelson, Dean Eicholtz, Roy Stuckey, Jake Sanders, Rick O'Reagan, Chris Monsan, George Nathan, John Eric Boyce, Bob Priewe, Andrew Harcombe, and Will Satathite;
> 3. The testimony of any other witnesses who may seek to testify to these issues;

---

[3]Docket Nos. 62, 65-1, 369.

[4]Honeywell's Motion in Limine No. 20 [etc.] at 2, Docket No. 411.

[5]Id. at 2-3.

>4. Photos and videos of the decedents, including those showing the decedents on or boarding the airplane, unless relevant to any liability issue;
>5. Photos of the decedents' family members;
>6. Post-accident photos showing the decedents' remains (unless the portion showing the remains is redacted); and
>7. Any media reports regarding the accidents and/or decedents, which in addition to not being relevant would also constitute inadmissible hearsay and should be excluded under Rule 802 as well.[6]

Plaintiffs concede that non-economic damages are not recoverable in this case,[7] but they argue that some of the foregoing evidence is relevant to other issues, such as economic damages. Plaintiffs argue, as they did in their response to Honeywell's motions in limine Nos. 18 and 19, that the family members should be able to testify about "the decedents' character and closeness between surviving family members and friends."[8] But, as discussed in the order on Honeywell's motions in limine Nos. 18 and 19, which is being entered concurrently with this order, such testimony from the family members is not relevant to any of the damages issues in this case. Likewise, testimony from the Rediske company employees and any other witnesses on these topics would be irrelevant. Thus, any testimony from any witnesses related to non-economic damages is excluded as irrelevant.

---

[6]Id. at 3-4.

[7]Plaintiffs Response in Opposition to Honeywell's Motion in Limine No. 20 [etc.] at 1, Docket No. 471.

[8]Id. at 2.

Plaintiffs agree that they will not offer "autopsy photos" and that they will "not seek to introduce any media reports about the accident."[9] But, as discussed in the order on Honeywell's motions in limine Nos. 18 and 19, plaintiffs may offer into evidence one tasteful photograph of each decedent. In addition, videos of the decedents on or boarding the airplane will be allowed if such videos are relevant to liability issues.

Based on the foregoing, Honeywell's motion in limine No. 20 is granted in part and denied in part. The motion is denied as to photographs of the decedents. Plaintiffs may introduce into evidence one tasteful photo of each decedent. The motion is also denied as to any videos showing the decedents on or boarding the airplane if the videos are relevant to liability issues. The motion is otherwise granted and evidence "about the decedents' character, the surviving family members, friends or colleagues closeness with any of the decedents, and any grief, sorrow and emotional distress experienced as a result of the accident and deaths"[10] is excluded.

DATED at Anchorage, Alaska, this 30th day of June, 2021.

/s/ H. Russel Holland
United States District Judge

---

[9] Id. at 4.

[10] Honeywell's Motion in Limine No. 20 [etc.] at 2-3, Docket No. 411.