WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


In re Crash of Aircraft N93PC          )          No. 3:15-cv-0112-HRH
                                       )          [Consolidated with
on July 7, 2013, at Soldotna, Alaska   )          No. 3:15-cv-0113-HRH and
_____)          No. 3:15-cv-0115-HRH]



O R D E R

Honeywell's Motion in Limine No. 21

        Honeywell International moves to exclude any evidence relating to any pre-impact

fear or emotional distress and any post-impact pain and suffering.[1]  This motion is opposed.[2]

Oral argument was requested but is not deemed necessary.

Background

        On July 7, 2013, a deHavilland DHC-3 "Otter" airplane operated by Rediske Air, Inc.

and piloted by Walter Rediske crashed shortly after take off from the Soldotna Airport.

Rediske and all of the passengers on board were killed in the crash.  Plaintiffs, which are the

estates of the passengers and Rediske, assert wrongful death, negligence, strict product

liability, and breach of warranty claims against Honeywell.

---

[1]Docket No. 412.

[2]Docket No. 473.

An iPhone video taken by one of the passengers survived the crash and was analyzed by the parties' experts. For example, plaintiffs' expert Frank Graham prepared a flight path reconstruction animation that uses the iPhone video. The video is approximately 3 minutes and 16 seconds long. At approximately 58-59 seconds into the video, there are two utterances recorded, "oh shit" and "oh my God." The accident aircraft impacts the ground about 61 seconds into the video. The video then continues to run for approximately 2 minutes and 16 seconds.

Honeywell now moves to exclude the utterances on the iPhone video; the last two minutes of the iPhone video; any comments, suggestions or arguments regarding pre-impact fear or emotional distress or post-impact pain and suffering; and post-accident photos showing the decedents' remains.

Discussion

Honeywell first moves to exclude the utterances on the iPhone video. Honeywell argues that they are not relevant because plaintiffs' survival claims for any pre-impact fear and mental distress have been dismissed.[3] But even if these utterances were somehow relevant, Honeywell argues that they should still be excluded because they would be unduly prejudicial. Honeywell argues that hearing these last words uttered by one or more of the passengers would play on the jurors' emotions and create a risk that the jurors would award damages based on what they thought the passengers were feeling even though such claims

_____

[3]Order re Honeywell's Motion for Summary Judgment re pre-Impact Survival Claims at 11, Docket No. 372.

have been dismissed. "Honeywell believes that these two utterances can be filtered out so that the full video up through the point of impact can be played with only the two utterances effectively removed or muted."[4]

The video is a real-time portrayal of what happened to Aircraft N93PC. What the jury may <u>hear</u> on the video is relevant as it lends reality to what they will be seeing. The two utterances are also not unduly prejudicial. The jury will be instructed that this case is only about economic losses and that non-economic losses are not recoverable. Any risk that the jury would award damages based on what the decedents might have been feeling prior to impact will be significantly minimized by such an instruction. The two utterances heard on the iPhone video are not excluded.

Honeywell next moves to exclude the last two minutes of the iPhone video. Honeywell contends that only approximately 16 seconds of the iPhone video after impact are relevant and have been relied on by the parties. Specifically, Honeywell's experts opine that in the first seconds after impact, the engine's power section can be heard spooling down. And, while one of plaintiffs' experts opined that other sounds could be heard later in the video, Honeywell contends that this opinion was related to plaintiffs' post-impact survival claims, claims which have been dismissed.[5] Thus, Honeywell argues that the last two

---

[4]Honeywell's Motion <u>in</u> <u>Limine</u> No. 21 [etc.] at 3, Docket No. 412.

[5]Order re Withdrawal of Claims at 1-2, Docket No. 282.

minutes of the iPhone video are not relevant and should be excluded.  In addition, Honeywell argues that the same portion of Graham's flight animation should be excluded.

The court is not convinced that the entire last two minutes of the video are irrelevant. Given that one of the primary issues in this case is whether the engine failed in flight, what can be heard on the video after impact is plainly relevant.

But even if the last two minutes of the iPhone video are relevant, which they are, Honeywell argues that the last two minutes should still be excluded under Rule 403 which provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury[.]"  Honeywell contends that the last two minutes of the video consist mostly of a black screen with periodic flashes of orange from the post-accident fire.  Honeywell argues that allowing the jury to watch this portion of the iPhone video would serve no purpose other than to play on the jurors' emotions and could lead them to award damages based on post-impact pain and suffering, even though such claims have been dismissed.

The court finds that plaintiffs' suggestion to only exclude the last minute of the video will adequately address any Rule 403 problem that the video might present.  As the jury will be instructed that there are not claims for post-impact pain and suffering in this case, it is unlikely that the jury would be inclined to award damages for such claims.

Honeywell next moves to exclude any comments, suggestions or arguments regarding pre-impact fear or emotional distress or post-impact pain and suffering because they would

not be relevant.  Plaintiffs "concede they will not comment [on] or argue [about] what the decedents felt or experienced prior to impact, nor will [they] argue or imply that anyone survived the impact."[6]

Finally, Honeywell moves to exclude any post-accident photos showing the decedents' remains because they are not relevant and the graphic nature of such photos would make them unfairly prejudicial.  Plaintiffs agree that "any post-accident photos of the scene or wreckage will be redacted to cover any portions showing the bodies of the decedents."[7]

Conclusion

Honeywell's motion in limine No. 21 is granted in part and denied in part.  It is denied as to the two utterances on the iPhone video and it is denied as to the exclusion of the last two minutes of the iPhone video.  The two utterances on the iPhone video will not be excluded and the jury will be allowed to view all but the last minute of the iPhone video.  The motion is otherwise granted.

DATED at Anchorage, Alaska, this 30th day of June, 2021.

/s/ H. Russel Holland
United States District Judge

---

[6]Plaintiffs Response in Opposition to Honeywell's Motion in Limine No. 21 [etc.] at 4, Docket No. 473.

[7]Id.