WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

In re Crash of Aircraft N93PC )   No. 3:15-cv-0112-HRH
                              )   [Consolidated with
on July 7, 2013, at Soldotna, Alaska )   No. 3:15-cv-0113-HRH and
_____)   No. 3:15-cv-0115-HRH]

O R D E R

Plaintiffs' Motion in Limine No. 1

Plaintiffs move to exclude Honeywell International from mentioning at trial that plaintiffs have settled with any other defendants.[1] This motion is opposed.[2] Oral argument was requested but is not deemed necessary.

Background

On July 7, 2013, a deHavilland DHC-3 "Otter" airplane operated by Rediske Air, Inc. and piloted by Walter Rediske crashed shortly after take off from the Soldotna Airport. Rediske and all of the passengers on board were killed in the crash. Plaintiffs, which are the estates of the passengers and Rediske, assert wrongful death, negligence, strict product liability, and breach of warranty claims against Honeywell, which is the only remaining defendant in this matter.

---

[1]Docket No. 420.

[2]Docket No. 450.

-1-

Pursuant to Rule 408, Federal Rules of Evidence, plaintiffs now move to exclude Honeywell from mentioning at trial that plaintiffs have settled with any other defendants.

Discussion

"Under Rule 408, statements made during settlement negotiations generally cannot be used as evidence to either prove or disprove the validity or amount of a disputed claim or to impeach a statement made during such negotiations." Roost Project, LLC v. Andersen Construction Co., 437 F. Supp. 3d 808, 818 (D. Idaho 2020). "[T]he same prohibition extends to evidence of completed settlements in other cases where the evidence is offered against the compromiser." Green v. Baca, 226 F.R.D. 624, 640 (C.D. Cal. 2005).

Plaintiffs have settled with a number of other defendants and thus they argue that Honeywell should be precluded from mentioning these settlements at trial. Honeywell, however, disagrees. Honeywell points out that, "by its own terms," Rule 408

> is one of limited applicability. In other words, Rule 408 is designed to ensure that parties may make offers during settlement negotiations without fear that those same offers will be used to establish liability should settlement efforts fail. When statements made during settlement are introduced for a purpose unrelated to liability, the policy underlying the Rule is not injured.

Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1161–62 (9th Cir. 2007). Thus, Honeywell contends, and plaintiffs concede,[3] that evidence regarding settlements can be admitted to impeach a witness on the issues of bias or prejudice. But plaintiffs argue that Honeywell has

---

[3]Reply to Defendant Honeywell's Response [etc.] at 2, Docket No. 495.

not offered any specific examples of which witnesses it might want to impeach on these issues, and they request that the court defer ruling on this motion until Honeywell makes a request to impeach a witness using evidence of settlement.

There is no reason to defer ruling on the instant motion. Plaintiffs sought a blanket exclusion of any mention that they had settled with other defendants. But, plaintiffs are not entitled to such a blanket exclusion because evidence of settlement can be admissible for purposes other than to "prove or disprove the validity or amount of a disputed claim. . . ." Roost Project, 437 F. Supp. 3d at 818. Evidence of settlement is admissible for other purposes, "such as proving a witness's bias or prejudice[.]" FRE 408(b).

Honeywell also contends that evidence of settlement may be admitted for purposes of allocation of fault. AS 09.17.080 provides, in pertinent part, that

> [i]n all actions involving fault of more than one person, including third-party defendants and persons who have settled or otherwise been released, the court, unless otherwise agreed by all parties, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating
>
> * * *
>
> (2) the percentage of the total fault that is allocated to each claimant, defendant, third-party defendant, person who has been released from liability, or other person responsible for the damages. . . .

Honeywell argues that the jury must be instructed regarding apportionment and the released parties included on the verdict form, which means that the jury will have to be informed of the <u>fact</u> of settlement prior to rendering a verdict. It is for this reason Honeywell suggests

that Alaska has a pattern jury instruction entitled "Evidence of Settlement" which is to be used "when the jury has heard evidence regarding a settlement."[4] Honeywell argues that evidence related to a settlement is thus admissible to identify parties to whom liability can be apportioned under AS 09.17.080.

As plaintiffs acknowledge,[5] settling defendants can be listed on a special verdict form. But, that does not necessarily mean that the jury has to be informed that some of the entities or persons listed on the verdict form have settled, given that the allocation of fault is not dependent on whether a particular party has settled. In fact, the Alaska Pattern Jury Instruction for Allocation of Fault to Absent Parties provides: "You must make decisions regarding the fault of some [persons who] [entities that] are [not] [no longer] parties in this case. Do not speculate about the reasons that these [persons] [entities] are [not] [no longer] parties."[6] The jury in this case will be instructed in accordance with Alaska law as regards allocation of fault, if any, between Honeywell and the defendants which have settled. This can be done without mentioning the <u>fact</u> of settlement.

## Conclusion

Plaintiffs' motion to exclude <u>any</u> mention of settlements with the other defendants is denied. Evidence of settlement may not be offered "to prove or disprove the validity or

---

[4] Alaska Pattern Instruction 03.18 Directions for Use.

[5] Reply to Defendant Honeywell's Response [etc.] at 2, Docket No. 495.

[6] Alaska Pattern Instruction 3.17.

amount of a disputed claim" but it can be offered for other purposes, such as to "prov[e] a witness's bias or prejudice[.]" FRE 408(a). At trial, plaintiffs may, of course, raise an objection if they believe that Honeywell is attempting to introduce evidence of settlement for an improper purpose.

DATED at Anchorage, Alaska, this 1st day of July, 2021.

/s/ H. Russel Holland<br>
United States District Judge