WO    IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re Crash of Aircraft N93PC | ) | No. 3:15-cv-0112-HRH |
| | ) | [Consolidated with |
| on July 7, 2013, at Soldotna, Alaska | ) | No. 3:15-cv-0113-HRH and |
| _____ | ) | No. 3:15-cv-0115-HRH] |

O R D E R

Plaintiffs' Motion in Limine No. 2

Plaintiffs move to preclude Honeywell International from eliciting certain testimony from their economist, Donald Frankenfeld, regarding future economic loss.[1] This motion is opposed.[2] Oral argument was requested but is not deemed necessary.

On July 7, 2013, a deHavilland DHC-3 "Otter" airplane operated by Rediske Air, Inc. and piloted by Walter Rediske crashed shortly after take off from the Soldotna Airport. Rediske and all of the passengers on board were killed in the crash. Plaintiffs, which are the estates of the passengers and Rediske, assert wrongful death, negligence, strict product liability, and breach of warranty claims against Honeywell.

Plaintiffs first move to preclude Honeywell from offering testimony regarding the income tax liability on the decedents' future economic loss. See Kulawik v. ERA Jet Alaska,

---

[1]Docket No. 421.

[2]Docket No. 451.

-1-

820 P.2d 627, 629 (Alaska 1991) ("future income tax liability in calculating future gross income" is "properly disregarded"). Honeywell "agrees that Alaska law does not permit future economic loss to be reduced by income taxes and, therefore, will not elicit any testimony or make any argument regarding the same."[3]

Plaintiffs next move to preclude Honeywell from offering testimony that future economic loss should be reduced to present value. Plaintiffs contend that future economic losses should not be reduced to present value. But, as Honeywell is quick to point out, AS 09.17.040(b) expressly provides that "[t]he fact finder shall reduce future economic damages to present value." And, in their reply brief, plaintiffs "withdraw their arguments with respect to reducing future economic losses to present value."[4]

Finally, plaintiffs move to preclude Honeywell from attempting to elicit testimony from Frankenfeld that the calculation of future economic losses includes personal consumption occurring after the work-life expectancy period runs. Plaintiffs contend that "personal consumption should only be deducted in those years where there are projected earnings."[5]

---

[3]Honeywell's Response to Plaintiffs' Motion in Limine Regarding Calculation of Plaintiffs' Estate's Future Economic Loss at 2, Docket No. 451.

[4]Plaintiffs Reply [etc.] at 2, Docket No. 486.

[5]Plaintiffs Motion in Limine regarding Calculation of Plaintiff Estates' Future Economic Loss at 5, Docket No. 421.

In response, Honeywell argues that Alaska law expressly permits consideration of the decedent's personal consumption during retirement years as reflected in the Alaska Civil Pattern jury instructions. Specifically, Instruction 04.11 provides that the fact finder must

> [d]etermine the amount that [name of decedent] would have earned during the period between the date of trial, [insert date], and the end of [his][her] ordinary life expectancy. From this amount, you must subtract the money that [decedent] would have spent during the same time period for all purposes, except income taxes.[6]

In their reply brief, plaintiffs "agree" that Honeywell "can cross-examine Mr. Frankenfeld about the reasons he does not account for ongoing personal consumption past the decedents' work-life expectancy."[7]

Based on the foregoing, plaintiffs' motion in limine regarding future economic losses is granted in part and denied in part. Honeywell is precluded from offering any evidence or testimony that future economic losses should be reduced by income taxes. The motion is otherwise denied.

DATED at Anchorage, Alaska, this 1st day of July, 2021.

/s/ H. Russel Holland
United States District Judge

---

[6] Alaska Civil Pattern Jury Instruction 04.11(2).

[7] Plaintiffs' Reply [etc.] at 2, Docket No. 486.