WO IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

In re Crash of Aircraft N93PC ) No. 3:15-cv-0112-HRH
) [Consolidated with
on July 7, 2013, at Soldotna, Alaska ) No. 3:15-cv-0113-HRH and
_____ ) No. 3:15-cv-0115-HRH]

O R D E R

Plaintiffs' Motion in Limine No. 5

Plaintiffs move to exclude certain opinions and testimony of defense experts Winn,

Orloff, Gabrielson, Studtmann,[1] Roderick, and Madden.[2]  This motion is opposed.[3]  Oral

argument was requested but is not deemed necessary.

Background

On July 7, 2013, a deHavilland DHC-3 "Otter" airplane operated by Rediske Air, Inc.

and piloted by Walter Rediske crashed shortly after takeoff from the Soldotna Airport.

Rediske and all of the passengers on board were killed in the crash.  Plaintiffs, which are the

_____

[1]Although expert David Studtmann is not listed in the title of the instant motion,
plaintiffs presented argument as to Studtmann in their opening brief, and in their reply brief,
plaintiffs expressly state that they are moving to exclude Studtmann's opinions as they relate
to the accident aircraft's weight and balance and its kinematics.

[2]Docket No. 429.

[3]Docket No. 458.

-1-

estates of the passengers and Rediske, assert wrongful death, negligence, strict product liability, and breach of warranty claims against Honeywell.

Robert Winn, Kenneth Orloff, Thomas Gabrielson, Paul Roderick, David Studtmann, and Mark Madden have all been identified as expert witnesses by Honeywell. Pursuant to Rule 702, plaintiffs now move to exclude certain opinions and testimony from these experts.

<u>Discussion</u>

> Rule 702 of the Federal Rules of Evidence provides that expert opinion evidence is admissible if: (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case.

<u>City of Pomona v. SQM North America Corp.</u>, 750 F.3d 1036, 1043 (9th Cir. 2014). "Before admitting expert testimony into evidence, the district court must perform a 'gatekeeping role' of ensuring that the testimony is both 'relevant' and 'reliable' under Rule 702." <u>United States v. Ruvalcaba-Garcia</u>, 923 F.3d 1183, 1188 (9th Cir. 2019) (quoting <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 597 (1993)).

"Relevancy simply requires that 'the evidence logically advance a material aspect of the party's case.'" <u>Id.</u> (quoting <u>Estate of Barabin v. AstenJohnson, Inc.</u>, 740 F.3d 457, 463 (9th Cir. 2014)). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." <u>Daubert</u>, 509 U.S. at 591.

"'[R]eliability' . . . requires that the expert's testimony have 'a reliable basis in the knowledge and experience of the relevant discipline.'" Ruvalcaba-Garcia, 923 F.3d at 1188-89 (quoting Barabin, 704 F.3d at 463). "The district court must assess whether 'the reasoning or methodology underlying the testimony is scientifically valid' and 'properly can be applied to the facts in issue[.]'" Id. at 1189 (quoting Daubert, 509 U.S. at 592–93). "'The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury.'" City of Pomona, 750 F.3d at 1044 (quoting Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc., 738 F.3d 960, 969-70 (9th Cir. 2013)). "The court must assess the expert's reasoning or methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance." Id. at 1044. "But these factors are meant to be helpful, not definitive, and the trial court has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable, based on the particular circumstances of the particular case." Id. (citation omitted).

Plaintiffs first move to exclude the experts' opinions and testimony as they relate "to the accident aircraft's weight & balance during the accident flight and the aircraft's kinematics (speed, altitude, pitch) during the accident flight[.]"[4] Plaintiffs argue that these opinions and testimony should be excluded because they are unreliable as the experts relied

_____

[4]Plaintiffs' Motion to Exclude Testimony of Defendants Experts Winn, Orloff, Gabrielson, Roderick, and Madden at 1, Docket No. 429.

entirely on the NTSB weight and balance, video, and kinematics studies to form their opinions. And, plaintiffs argue, as they did in their motion in limine No. 3, that the NTSB studies are untrustworthy and not reliable and thus are inadmissible. Plaintiffs also argue that the experts' weight and balance and kinematics opinions and testimony are unreliable because the experts did not "conduct their own independent analysis to confirm the results of the NTSB studies[.]"[5]

These are the same arguments that plaintiffs made as to defense expert Carducci in their motion in limine No. 4. And, these arguments fail for the same reasons set out by the court in its order on plaintiffs' motion in limine No. 4 which is being entered concurrently with this order. Even though the NTSB studies are inadmissible, the experts could reasonably rely on them because they are the type of evidence that experts in the field typically rely on. As to any argument that the experts did not do their own independent testing, some of the experts appear to have done some of their own testing but even if they did not, that does not mean that their opinions should be excluded. "Under Rule 703, an expert may rely on tests not performed by him if 'experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject.'" Romero by and through Ramos v. S. Schwab Co., Case No. 15-CV-815-GPC-MDD, 2017 WL 5885543, at *10 (S.D. Cal. Nov. 29, 2017) (quoting Fed. R. Evid. 703). Thus, the experts who are the subject of the instant motion are not precluded from offering opinions

---

[5]Id. at 2.

and testimony as "to the accident aircraft's weight & balance during the accident flight and the aircraft's kinematics (speed, altitude, pitch) during the accident flight[.]"[6]

Plaintiffs next move to exclude the experts' opinions about what actions the pilot took in the cockpit during the accident flight as these opinions are nothing more than speculation. When Winn was asked if "we . . . have any actual knowledge of what Rediske was doing with the controls, meaning the yoke, prior . . . to the plane rolling off to the right[,]" he testified that "we don't have first-hand knowledge, but we have some strong suspicions[.]"[7] Orloff testified that the pilot "ran out of elevator control as [the accident airplane] was pitching up. There was really nothing he could do."[8] Orloff was then asked if this was "based on the assumption that once the aircraft started to pitch up that Mr. Rediske would have pushed – pushed the yoke forward" and he answered: "Absolutely."[9] But, Orloff also testified that he did not have any way of knowing exactly what Mr. Rediske was doing in the cockpit on the day of the accident.[10] Plaintiffs also contend that Gabrielson has opined that

<hr />

[6]Plaintiffs' Motion to Exclude Testimony of Defendants Experts Winn, Orloff, Gabrielson, Roderick, and Madden at 1, Docket No. 429.

[7]Video Deposition of Robert C. Winn at 63:24-64:6, Exhibit B, Plaintiffs Motion to Exclude Testimony of Defendants Experts Winn, Orloff, Gabrielson, Roderick, and Madden, Docket No. 429.

[8]Deposition of Kenneth L. Orloff, Ph.D., at 64:3-4, Exhibit D, Plaintiffs Motion to Exclude Testimony of Defendants Experts Winn, Orloff, Gabrielson, Roderick, and Madden, Docket No. 429.

[9]Id. at 64:5-9.

[10]Id. at 130:20-23.

the pilot manipulated the throttle during the accident flight but they argue that this opinion is pure speculation as Gabrielson has no way of knowing what the pilot did during the accident sequence.

This is the same argument that plaintiffs raised in their motion in limine No. 4 as to defense expert Carducci. In its order on that motion in limine, the court determined that Carducci could testify as to what a reasonable and prudent pilot might have done in similar circumstances, but he cannot testify as to what Mr. Rediske was thinking or perceiving during the accident sequence. The court also determined that there are inferences that can be drawn from the facts and evidence that are available to Carducci as to what the pilot might have been doing in the cockpit during the accident sequence and that Carducci could offer testimony as to these inferences. The experts who are the subject of the instant motion may testify in the same manner. They may testify as to what a reasonable and prudent pilot might have done under similar circumstances and they may offer testimony as to the inferences that can be drawn from the facts and evidence as to what the pilot might have been doing in the cockpit during the accident sequence. They are precluded from testifying as to what Mr. Rediske was thinking or perceiving during the accident sequence.

## Conclusion

Plaintiffs' motion in limine No. 5 is granted in part and denied in part. The motion is granted as to any testimony or opinions from Winn, Orloff, Gabrielson, Studtmann,

Roderick, or Madden as to what the accident pilot was perceiving or thinking during the accident sequence. The motion is otherwise denied.

DATED at Anchorage, Alaska, this 4th day of August, 2021.

/s/ H. Russel Holland
United States District Judge
